IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
PLATINUM LONG TERM GROWTH IV, LLC, :
:
                Plaintiff, :    Docket No. 1:08-cv-1110 GWG
:
v. :
:
PRIDE BUSINESS DEVELOPMENT :
HOLDINGS, INC., BODYGUARD, INC., and :
FRANCINE MARKOW, :
:
                Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## COMPLAINT

For its Complaint herein, Plaintiff, Platinum Long Term Growth IV, LLC ("Platinum"), through its attorneys, Burak Anderson & Melloni, PLC, alleges as follows:

## INTRODUCTION

1. Platinum, a Delaware limited liability company, brings this action for breach of contract against Pride Business Development Holdings, Inc., a Nevada corporation ("Pride"), Bodyguard, Inc., a Nevada corporation ("Bodyguard"), and Francine Markow ("Markow" and together with Pride and Bodyguard, the "Defendants"), arising out of Pride's failure to pay Platinum amounts due and owing under the Notes, the Guarantees and the Transaction Documents (each as defined below).

## THE PARTIES

2. Platinum is a Delaware limited liability company with its principal place of business in New York, New York.

3. Upon information and belief, Pride is a Nevada corporation with its principal place of business in Camarillo, California.

4. Upon information and belief, Bodyguard is a Nevada corporation with its principal place of business in Camarillo, California.

5. Upon information and belief, Markow is a citizen of the State of California.

## JURISDICTION & VENUE

6. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §1332.

7. Venue is proper under 28 U.S.C. §1391 (a) and (c).

8. The Note, the Personal Guarantee, the Subsidiary Guarantee and the Purchase Agreement (each as defined below) each provide that the parties thereto submit to the jurisdiction of the state and federal courts sitting in the City of New York, and that the governing law shall be that of the State of New York.

## FACTUAL ALLEGATIONS

9. On July 6, 2006, Defendants and Platinum entered into a Securities Purchase Agreement (the "Purchase Agreement") pursuant to which Pride issued to Platinum an aggregate of $355,000 of Pride's 8% secured convertible Note due July 6, 2007 (the "Notes") in exchange for the payment of the purchase price therefor by Platinum. The Notes were not paid on the due date therefor and remain unpaid as of the date hereof.

10. Pursuant to the Notes, upon a default thereunder, Pride is obligated to pay to Platinum an amount equal to 125% of the outstanding principal amount of the Notes.

11. Pursuant to the Purchase Agreement, Pride issued to Platinum a Series A Common Stock Purchase Warrant and a Series B Common Stock Purchase Warrant to purchase shares of Pride's Common Stock, par value $0.001 per share (together, the "Warrants").

12. Pursuant to the Purchase Agreement, Pride executed and delivered a Registration Rights Agreement, dated as of July 6, 2006 (the "Registration Rights Agreement"), under which Pride agreed to cause a registration statement under the Securities Act of 1933 registering, for resale by Platinum, the shares of Common Stock of Pride underlying the Notes and the Warrants to be filed and declared effective by the dates set forth in the Registration Rights Agreement.

13. Pursuant to the Registration Rights Agreement, Pride is obligated to pay to Platinum liquidated damages in the event that it fails to comply with certain of its obligations thereunder.

14. Pursuant to the Purchase Agreement, Pride and Bodyguard executed and delivered a Security Agreement, dated as of July 6, 2006 (the "Security Agreement"), under which Pride and Bodyguard pledged substantially all of their assets as security for their obligations to Platinum under the Notes, the Transaction Documents and the Subsidiary Guaranty.

15. As inducement to cause Platinum to purchase and pay for the Notes, Bodyguard executed and delivered to Platinum a Subsidiary Guaranty, dated July 6, 2006 (the "Subsidiary Guaranty"), guaranteeing the payment and performance of all obligations of Pride under the Notes, the Purchase Agreement, the Security Agreement, the Warrants and the Registration Rights Agreement (collectively, the "Transaction Documents"), together with all reasonable attorney's fees, disbursements and all other costs and expenses incurred by Platinum in enforcing the Subsidiary Guaranty or the guaranteed obligations.

16. As inducement to cause Platinum to purchase and pay for the Notes, Markow executed and delivered to Platinum a Personal Guaranty, dated July 6, 2006 (the "Personal Guaranty" and, together with the Subsidiary Guaranty, the "Guarantees"), guaranteeing the

payment and performance of all obligations of Pride under the Notes, together with all reasonable attorney's fees, disbursements and all other costs and expenses incurred by Platinum in enforcing the Personal Guaranty or the guaranteed obligations thereunder.

17. Pride has breached its obligations under the Notes and the Transaction Documents, including its obligation to cause the registration of the shares of Common Stock underlying the Notes and the Warrants pursuant to the Registration Rights Agreement, its obligation to timely file all reports under the Securities Exchange Act of 1934, as amended, with the Securities and Exchange Commission and its obligation to pay principal, interest and all other amounts when due under the Notes.

18. Platinum has orally and in writing demanded payment, on multiple occasions, of amounts owed to it pursuant to the Notes and the Transaction Documents.

19. Upon information and belief, Defendants, as of January 30, 2008, owe Platinum the sum of Eight Hundred Fifty-Two Thousand Three Hundred Thirty-Six Dollars and Ninety-One Cents ($852,336.91) representing principal, accrued and unpaid interest and liquidated damages under the Notes and the Transaction Documents.  Such amount is calculated as follows:

(a) $443,750, as payment of 125% of the outstanding principal on the Notes;

(b) $92,221.11 as payment of accrued and unpaid interest;

(c) $159,754.00 as payment of liquidated damages under the Registration Rights Agreement; and

(d) $156,611.80 as payment of accrued and unpaid interest relating to liquidated damages under the Registration Rights Agreement.

## COUNT I
## ACTION FOR BREACH OF CONTRACT
(Platinum v. All Defendants)

20. Platinum repeats and realleges Paragraphs 1 through 19 of this Complaint.

21. The Notes, the Transaction Documents and the Guarantees constitute valid and enforceable contracts.

22. The failure of the Defendants to pay amounts owed to Platinum under the Notes, the Transaction Documents and the Guarantees and the failure to comply with the terms of such instruments and agreements constitutes a breach of such instruments and agreements.

23. Platinum has suffered damages as a result of these breaches in an amount of not less than Eight Hundred Fifty-Two Thousand Three Hundred Thirty-Six Dollars and Ninety-One Cents ($852,336.91).

## COUNT II
## ACTION FOR BREACH OF CONTRACT
(Platinum v. Bodyguard)

24. Platinum repeats and realleges Paragraphs 1 through 19 of this Complaint.

25. The Subsidiary Guarantee constitutes a valid and enforceable contract.

26. The failure of Bodyguard to pay amounts owed to Platinum under the Subsidiary Guarantee and the failure to comply with the terms of such agreement constitutes a breach of such agreement.

27. Platinum has suffered damages as a result of this breach in an amount of not less than Eight Hundred Fifty-Two Thousand Three Hundred Thirty-Six Dollars and Ninety-One Cents ($852,336.91).

## COUNT III
## <u>ACTION FOR BREACH OF CONTRACT</u>
(Platinum v. Markow)

28. Platinum repeats and realleges Paragraphs 1 through 19 of this Complaint.

29. The Personal Guarantee constitutes a valid and enforceable contract.

30. The failure of Markow to pay amounts owed to Platinum under the Personal Guarantee and the failure to comply with the terms of such agreement constitutes a breach of such agreement.

31. Platinum has suffered damages as a result of this breach in an amount of not less than Eight Hundred Fifty-Two Thousand Three Hundred Thirty-Six Dollars and Ninety-One Cents ($852,336.91).

**WHEREFORE**, Platinum demands that this Court enter Judgment against Defendants, jointly and severally, in favor of Platinum, as follows:

A. Award Platinum the amount of Eight Hundred Fifty-Two Thousand Three Hundred Thirty-Six Dollars and Ninety-One Cents ($852,336.91), plus interest thereon accruing from the date such payment was due;

B. Award Platinum reasonable attorneys' fees and other expenses incurred in Platinum's collection efforts, together with the costs of this action; and

C. Award Platinum such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: February 1, 2008
      Burlington, Vermont

                                                /s/ Michael L. Burak
                                      Michael L. Burak – MB7797
                                      BURAK ANDERSON & MELLONI, PLC
                                      30 Main Street, Suite 210
                                      P.O. Box 787
                                      Burlington, Vermont 05402-0787
                                      Ph. 802-862-0500

                                      Attorneys for Plaintiff Platinum Long Term Growth IV, LLC